SCHWARTZ & NAGLE, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. CENTRAL BREWING CO., INC., A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 1, 1940—Decided January 9, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *Joseph J. Corn.*

For the defendant-respondent, *Bennett A. Robbins (Morris L. Stern,* of counsel).

The opinion of the court was delivered by

PORTER, J. Appellant brought suit in the Second Judicial District Court of Hudson county to recover for goods sold and delivered alleging that the sum of $183.60 was due and owing.

Respondent filed a set-off claiming credit for goods returned of the value of $6 and for which no credit had been given and for the value of six automobile tires delivered to plaintiff to be retreaded, of the value of $67.50, and which had not been returned to appellant.

It appears from the state of case that the respondent admitted the sale and delivery to it of the goods and that the prices charged were correct. The only dispute therefore concerns the items of the set-off.

The trial court denied motions to strike out the set-off and for a nonsuit on it and gave judgment for appellant for $65.10 allowing the respondent the entire amount claimed by the set-off.

The first item of the set-off is for credit for two automobile tire tubes which were claimed to have been returned because they were not satisfactory for the purpose for which they were ordered. The set-off does not state that these tubes were purchased from appellant but from the state of case it may be inferred that such was the proof. Therefore, that item was a proper one for set-off and was rightly allowed.

The other items in the set-off, however, are not for goods sold but represent an entirely different transaction. They consist of automobile tires belonging to respondent which were alleged to have been sent to appellant for retreading and not returned. That constitutes trover and conversion though the set-off does not so state it but rather treats it as though a part of the goods sold and returned for which credit should be given. The proofs are at variance as to this item but we are not concerned with the facts because we think that item not a proper one for set-off.

The rule is that in an action on contract for goods sold and delivered in the District Court a counter-claim or set-off based on a tort may not be set up. *Cf. Slaylor-Jennings Co.* v. *Specialty Paper Box Co.*, 69 *N. J. L.* 214; *Doyle* v. *Corn,*

8 *N. J. Mis. R.* 865; *affirmed,* 109 *N. J. L.* 263; *Ehret* v. *Hering,* 99 *Id.* 73; *Rebenfeld* v. *Friedberg,* 3 *N. J. Mis. R.* 93; *affirmed,* 102 *N. J. L.* 222.

It was error for the trial court not to have struck the set-off as to these items.

The case is remanded for the entry of a verdict in accordance with these views, with costs.